UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
SHARON PITTER,

               Plaintiff,

                                    **MEMORANDUM AND ORDER**
      - against -                        14-CV-1852 (RRM)(VMS)

BANK OF AMERICA,

               Defendant.
------------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

       On March 21, 2014, *pro se* plaintiff Sharon Pitter ("Pitter") commenced this action against Bank of America ("BOA") sounding in violations of, *inter alia*, the Fair Debt Collection Practices Act and the Fair Credit Reporting Act.  Following an initial conference before Magistrate Judge Vera M. Scanlon on July 14, 2014, Judge Scanlon issued a Scheduling Order, dated July 16, 2014, that set forth, among other things, deadlines for certain limited discovery. (7/16/14 Scheduling Order.)  On July 17, 2014, Pitter filed an objection to Judge Scanlon's Scheduling Order, which is presently before this Court.  The gravamen of Pitter's argument is that Judge Scanlon's Order is "confusing," and that the magistrate judge lacks the legal authority to control or limit the scope of discovery without Pitter's consent.  (*See* Doc. Nos. 16 (Pitter's objection), 19–20 (BOA's responsive affidavit and memorandum), and 21 (Pitter's reply).)[1]

       When considering an appeal from a magistrate judge's ruling on a non-dispositive matter, a district court must consider whether the order is "clearly erroneous or is contrary to law," Fed.

---

[1] Pitter dedicated a portion of her objection to arguing that BOA was supposedly in default, and, on July 21, 2014, she requested a certificate of default.  (Doc. No. 17.)  The Court denied that request the following day.  (7/22/14 Order.)  Pitter has since amended her complaint, (Doc. No. 26), and, on October 27, 2014, BOA requested a pre-motion conference from the undersigned in anticipation of its proposed motion to dismiss the amended complaint. (Doc. No. 31.)  On December 12, 2014, the Court denied that request and instead set a briefing schedule for BOA's motion to dismiss.  (12/12/14 Scheduling Order.)  Judge Scanlon, in turn, stayed discovery pending resolution of BOA's dismissal motion.  (12/13/14 Order.)

R. Civ . P. 72(a), which occurs when "the court is, upon review of the entire record, [ ] left with the definite and firm conviction that a mistake has been committed." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339–40 (S.D.N.Y. 2009) (quotations omitted). Of course, pretrial matters concerning discovery are generally considered "non-dispositive" of the litigation and are therefore subject to this standard of review. *See Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). And because magistrate judges are given broad discretion with respect to pre-trial discovery matters, reversal is warranted only when that discretion is abused. *See Conway v. Icahn*, 16 F.3d 504, 510 (2d Cir. 1994).

Guided by this law, Pitter's objection is denied. In her July 16th Order, Judge Scanlon acted wholly within her discretion by setting the parameters for certain limited discovery in light of the information gleaned from the initial conference. That Scheduling Order was in no manner confusing or remarkable, much less contrary to the law. Even taking into account Pitter's *pro se* status and construing her objections broadly to raise the strongest possible arguments in her favor, her complaints are nonetheless unfounded. *See, e.g.*, *Moss v. Stinnes Corp.*, No. 92-CV-3788 (JFK), 1995 WL 529945, at *1 (S.D.N.Y. Sept. 8, 1995) ("[I]t is well within [the magistrate judge's] discretion to conduct pre-trial discovery as he sees fit. . . . [The magistrate judge] is free to determine how discovery will be conducted in this action and this Court will not interfere in those decisions.").

The Clerk of Court shall mail a copy of this Memorandum and Order to plaintiff, and note the mailing on the docket.

SO ORDERED.

*Roslynn R. Mauskopf*

Dated: Brooklyn, New York
      December 22, 2014      _____

ROSLYNN R. MAUSKOPF
United States District Judge